```
              UNITED STATES DISTRICT COURT           FILED
              NORTHERN DISTRICT OF ALABAMA        00 MAY -8 AM 10: 17
                   NORTHEASTERN DIVISION
                                                  U.S. DISTRICT COURT
CHERYL NORMAN,                  )                  N.D. OF ALABAMA
                                )
     Plaintiff,                 )
                                )
vs.                             )  Civil Action No. CV-99-S-881-NE
                                )
REHAU INCORPORATED and          )
FRANK KLIMAT,[1]                )                    ENTERED
                                )
     Defendants.                )                   MAY  8 2000
```

## MEMORANDUM OPINION

This action is before the court on defendants' motion for summary judgment (Doc. No. 22). Upon consideration of the motion, defendants' brief and evidentiary submission, and the pleadings, this court concludes it is due to be granted in part and denied in part.

### I. PROCEDURAL BACKGROUND

Plaintiff, Cheryl Norman, originally filed this action against REHAU Incorporated, Frank Klimat, Brad Baggett, and certain other fictional defendants in the Circuit Court of Cullman County, Alabama, on March 3, 1999.[2] REHAU, Klimat, and Baggett properly removed that action to this court on April 9, 1999.[3] This court

---

[1] Defendant Frank Klimat is misidentified as "Frank Clement" in plaintiff's complaint.

[2] *See* Exhibit A to defendants' notice of removal (Doc. No. 1).

[3] There is no provision for fictitious party practice under federal law. *See New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *see also* Federal Rule of Civil Procedure 10.  Accordingly, the fictional defendants sued by plaintiff were properly dismissed from the action at the time



dismissed all claims against Baggett in an order entered on May 3, 1999 (Doc. No. 12).

The remaining defendants, REHAU and Klimat, moved for summary judgment as to all of plaintiff's claims on April 3, 2000. A brief and evidentiary submission in support of summary judgment accompanied that motion. This court entered a submission order relating to defendants' motion on April 7, 2000, which provided, in relevant part, that

> [t]he motion for summary judgment filed by REHAU Incorporated and Frank Klimat (incorrectly denominated as "Frank Clement") on April 3, 2000, in the above styled cause will be deemed submitted to the court for decision, without oral argument, as of May 2, 2000. Any additional evidentiary matters that movant intends to rely on must be filed by April 18, 2000. Any evidentiary matters the party opposing the motion intends to rely on must be filed by April 25, 2000. Any brief of opposing party must be filed by May 2, 2000.

(Doc. No. 23, at 1.) Plaintiff failed to respond at all to defendants' motion for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment not only is proper, but "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

of removal.

2

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The movant bears the initial burden of showing the court, by reference to materials on file, that no genuine issues of material fact exist to be decided at trial. *See generally Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant discharges this burden by showing the court there is an absence of evidence to support the non-movant's case. *See Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*). Rule 56 permits the movant to discharge this burden with or without supporting affidavits. *See Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. When the moving party has discharged its burden, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *See Jeffery*, 64 F.3d at 593.

In deciding whether the movant has met its burden, the court is obligated to draw all inferences from the evidence presented in the light most favorable to the non-movant and, also, to resolve all reasonable doubts in that party's favor. *See generally Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Inferences in favor

of the non-movant are not unqualified, however. "Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." *Resolution Trust Corporation v. Dunmar Corporation*, 43 F.3d 587, 592 (11th Cir. 1995) (citation omitted). Moreover, evidence that is merely colorable, *see Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988), conclusory, *see Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989), or conjectural, does not create a genuine issue of material fact.

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment. *See Augusta Iron & Steel Works v. Employers Insurance of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). A "genuine" dispute about a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jeffery*, 64 F.3d at 594 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). The bottom line is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail

as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S.Ct. at 2512.

### III. FACTUAL BACKGROUND

The court adopts the statement of facts recited by defendants in their brief in support of summary judgment.[4] Upon review of the pleadings and defendants' evidentiary submission, the court concludes that such statement accurately sets forth either undisputed facts or disputed facts in the light most favorable to plaintiff, which is appropriate at this stage in the proceedings.

### IV. DISCUSSION

Plaintiff seeks to hold both defendants liable under the law of the State of Alabama for invasion of privacy, outrage, and assault and battery. Additionally, plaintiff seeks to hold REHAU liable for negligent training and supervision.

Viewing the facts in a light most favorable to plaintiff, this court concludes defendants' arguments in support of summary judgment are meritorious as to all but one claim. More specifically, plaintiff's invasion of privacy and outrage claims against both defendants, as well as her assault and battery and

---

[4] *See* Memorandum of law in support of defendants' motion for summary judgment, attached as part of defendants' motion for summary judgment, evidentiary submission, and memorandum of law in support thereof (Doc. No. 22), at 2-11.

negligent supervision and training claims against REHAU, are due to be dismissed, for the reasons articulated by defendants in their brief in support of summary judgment.[5]

Summary judgment is inappropriate, however, as to plaintiff's assault and battery claim against Klimat. To recover for assault and battery, plaintiff must establish "touching by one person of the person or clothes of another in rudeness, in anger, or in a hostile manner." Michael L. Roberts & Gregory L. Cusimano, *Alabama Tort Law*, at 947 (2d ed. 1996). "There is ... no requirement under Alabama law that there be injury or a threat of injury to constitute an assault and battery. The wrong 'consists, not in the touching, so much as in the manner or spirit in which it is done, and the question of bodily pain is important only as affecting damages.'" *Portera v. Winn Dixie of Montgomery, Inc.*, 996 F. Supp. 1418, 1437 (M.D. Ala. 1998) (quoting *Surrency v. Harbison*, 489 So. 2d 1097, 1104 (Ala. 1986)).

The evidence reveals the existence of genuine issues of material fact on the issue of whether Klimat committed an assault and battery upon the person of plaintiff. According to Norman, Klimat touched her hands, arms, and back on a number of occasions

---

[5] *See id.* at 12-20.

in an "inappropriate" fashion.[6] Klimat acknowledges that he may have touched or brushed up against plaintiff's person on certain occasions, but that such contact inevitably occurred in the course of business. Klimat denies touching Norman in a sexual manner, and further refutes plaintiff's testimony that he touched her on the hand, forearm, or back.[7]

Plaintiff further contends that Klimat attempted to kiss her on one occasion. When Norman attempted to walk away from Klimat after the failed attempt, he allegedly hooked his finger in the back belt loop of plaintiff's pants, and stated, "Wait a minute. This never happened."[8] Klimat denies ever attempting to kiss plaintiff.[9]

In sum, a question of fact exists as to whether the touching and kissing attempt alleged by plaintiff constitutes an assault and battery. In light of the entire record in this case, this court concludes that plaintiff's recovery of anything but nominal damages upon proof of such an assault and battery by Klimat would be unusual. Nonetheless, that conclusion does not affect this court's

---

[6] Deposition of Cheryl Norman, attached as Exhibit A to defendant's evidentiary submission in support of summary judgment, at 170.

[7] See Affidavit of Frank Klimat, attached as Exhibit D to defendant's evidentiary submission in support of summary judgment, at ¶ 18.

[8] Norman deposition at 101.

[9] See Klimat affidavit ¶ 20.

decision to retain plaintiff's assault and battery claim against Klimat for trial.

## V. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is due to be granted in part. Plaintiff's claims for invasion of privacy and outrage are due to be dismissed as to both defendants. Further, plaintiff's claims for assault and battery and negligent supervision and training against REHAU are due to be dismissed. Only plaintiff's claim for assault and battery against Klimat survives summary judgment. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this __8th__ day of May, 2000.

_____
United States District Judge